# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RIB CITY GROUP, INC.,

                    Plaintiff,

-vs-                                        Case No. 2:09-cv-827-FtM-29SPC

RCC RESTAURANT CORP., doing business as
Rib City Ale House; FRANCIS W. RYAN, also
known as Frank Ryan,

                    Defendants.

_____

## ORDER

This matter comes before the Court on the Motion for Entry of Default (Doc. #6) filed on February 16, 2010. Pursuant to Fed. R. Civ. P. 55(a), the Plaintiff moves the Court for the entry of default against the Defendants, RCC Restaurant Corp., Inc., and Francis W. Ryan.

Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default." Pursuant to Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

Here, according to the Return of Service (Doc. #8), service was effected upon Francis W. Ryan, Individually, and as President for the Defendant, RCC Restaurant Corp., located at 650 Route 112, Port Jefferson, New York, New York 11776. Having served an authorized agent, service is deemed effective upon the corporation under the Federal Rules and Florida law. Service is also effective against Francis Ryan individually. To date, the Defendants have failed to answer or otherwise plead. Thus, the entry of default is appropriate at this time.

Accordingly, it is now

**ORDERED:**

The Motion for Entry of Default (Doc. #6) is **GRANTED**. The Clerk is directed to enter Clerk's Default against the Defendants, RCC Restaurant Corp., Inc., and Francis W. Ryan.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record