UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIB CITY GROUP, INC.,

        Plaintiff,

vs.                              Case No. 2:09-cv-827-FtM-29SPC

RCC RESTAURANT CORP., doing business as Rib City Ale House; FRANCIS W. RYAN, also known as Frank Ryan,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Application for Default Final Judgment (Doc. #9) and memorandum in Support (Doc. #10) filed on June 17, 2010. No response has been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On December 23, 2009, plaintiff Rib City Group, Inc. (Rib City) filed a Complaint (Doc. #1) against RCC Restaurant Corp. d/b/a Rib City Ale House (RCC) and Francis W. Ryan a/k/a Frank Ryan (Ryan) for trademark infringement, unfair competition, trademark dilution, cyber-piracy, misappropriation of trade secrets, and breach of contract. Rib City requested injunctive relief and damages. As relevant here, the Complaint alleges the following:

The United States Patent and Trademark Office formally issued

Rib City registrations for the word and composite marks "Rib City," "Rib City Grill," "Rib City Barbeque," and "Rib City Real BBQ & Great Ribs" in connection with restaurant services in international trademark class 43 ("Rib City family of marks"). Rib City and its affiliated corporations have registered or protected related internet domain names using the Rib City family of marks, including but not limited to "ribcity.com", "ribcitygrill.com", and "ribcitybarbeque.com." (Doc. #1, ¶¶ 8, 11.)

In November 2006, Ryan was hired as general manager for the East Naples Rib City and as such was provided access to Rib City's trade secrets, operation manuals, recipes, food preparation techniques, management methods, restaurant layout and design, and marketing information, including but not limited to a proprietary sales management tool used to manage overhead. In April 2007, Ryan resigned and subsequently signed a nondisclosure agreement to cover a period of 10 years from the date of separation. On or about August 5, 2008, RCC was formed in New York, and a few months later, Rib City Ale House was registered as a domain name and a website was launched using Rib City marks. In January 2009, RCC opened the Rib City Ale House, and upon information and belief, the restaurant uses confidential informational obtained while working at Rib City and also displays Rib City's marks. (Id. at ¶¶ 12-17.)

Upon receiving notice by a customer of the Ale House in New York, Rib City's attorney issued a cease and desist letter. In

response, through counsel, the Ale House admitted to the infringement and stated that all branding would be removed. This, however, has proven to be untrue. The infringement is ongoing and patrons have posted unfavorable reviews online regarding the Ale House, which is alleged may be attributed to Rib City. (Id. at ¶¶ 19-26.)

**II.**

Finding no response or appearance to the Complaint, plaintiff moved for and was granted a Clerk's Entry of Default (Doc. #8) as to both defendants on March 1, 2010. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ]  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ]  A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted). Therefore, the necessary prerequisites for a default judgment have been met. Additionally, the Court finds that the allegations in the Complaint, as detailed above, sufficiently support the entry of a default judgment in favor of plaintiff.

In support of the allegations in the Complaint and for damages, plaintiff has filed sworn declarations by Dina Green, Comptroller of Rib City, who details the charges for a franchise and verifies allegations in the Complaint; Elizabeth Watson, Director of Marketing for Rib City, who provides details regarding information available on the web regarding the Ale House; and James Proniewych, a licensed investigator with the international investigation firm of Kessler International who visited the New York location, talked to customers, placed an order at the Ale House, and took photographs of the signage and menus. Additionally, Karl C. Landsteiner, Esq., counsel for plaintiff has filed an Affidavit (Doc. #9-11) regarding his costs and a copy of the Retention Agreement in support of the claim for fees. The Affidavit of Lindsey M. Straus, Esq., trademark counsel for Rib City, is provided to support the claim of willfulness by Ryan after repeated requests to re-brand the restaurant, and as to the reasonableness of hourly rates. (Doc. #9-12.)

Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1117(c)(2)[1] in the amount of $400,000 for the multiple uses of "Rib

---

[1] (c) Statutory damages for use of counterfeit marks

In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under
(continued...)

City", and an additional $400,000 for the multiple uses of the "smiling pig" and "night city skyline" logos. Plaintiff further seeks statutory damages in the maximum amount of $100,000.00 for the registered domain name pursuant to 15 U.S.C. § 1117(d),[2] and damages pursuant to Fla. Stat. § 688.004[3] in the amount of

---

[1](...continued)
subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

[2](d) Statutory damages for violation of section 1125(d)(1)

In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. § 1117(d).

[3]Under the Uniform Trade Secrets Act,

> (1) Except to the extent that a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation renders a monetary recovery
>                                                     (continued...)

$150,815.00, the amount normally charged for the use of trade secrets as part of a franchise agreement.

The Court finds that defendants used "Rib City", the "smiling pig", and the "night city skyline" marks, along with Rib City's signature menu items, knowingly and intentionally violating the marks, logos, and brand of Rib City. The Court will award the maximum per counterfeit mark for each of the three specified marks for a total of $600,000.00. Additionally, the domain name "www.ribcityalehouse.com" is confusingly similar to Rib City's mark and merits statutory damages in the amount of $100,000.00. Defendant Ryan used trade secrets for his own use and benefit in clear violation of a written and signed agreement to not use said information for a period of 10 years. The Court will also award the amount that Rib City would have recovered if Ryan had properly pursued a franchise agreement.

---

[3](...continued)
inequitable, a complainant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

(2) If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (1).

Fla. Stat. § 688.004.

**III.**

Plaintiff also seeks attorney's fees arguing that this presents a qualifying exceptional case of infringement supporting an award of fees. Attorney's fees and "costs of the action" to a prevailing party may be awarded in "exceptional cases." 15 U.S.C. § 1117(a). The Court finds that defendants' failure to appear and answer to the allegations in the Complaint coupled with the ongoing infringement in this case was deliberate and willful in nature. Therefore, the Court will permit reasonable attorney's fees and costs. More specifically, the Court will permit recovery of the filing fee and service of process fees totaling $600.00. (Doc. #9-11, p. 2.) The request to recover expenses of Kessler International will be denied as investigative costs are not otherwise recoverable as costs under 28 U.S.C. § 1920.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Both Mr. Landsteiner and Ms. Straus charged their client an hourly rate of $200.00 an hour. The Court finds that the hourly rate is within the prevailing market rate for the Fort Myers Division of the

Middle District of Florida.  Mr. Landsteiner expended 76.8 hours and Ms. Straus expended 40.2 hours in this case.  The Court finds that the hours expended are also reasonable.  The Court will grant attorney's fees as requested for a total of $23,400.00.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Application for Default Final Judgment (Doc. #9) is **GRANTED** to the extent set forth below.

2. The Court makes the following findings and conclusions:

A. Defendants have used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. § 1125(a);

B. Defendants RCC Restaurant Corp. and Francis W. Ryan have injured Rib City Group's business reputation and diluted the distinctive quality of its federally registered and famous marks and have otherwise injured plaintiffs by promoting, advertising, and selling their restaurant services using a colorable imitation of the Rib City marks in willful violation of 15 U.S.C. § 1125(c)(1);

C. Defendants RCC Restaurant Corp. and Francis W. Ryan, with a bad faith intent to profit from the Rib City marks, have registered, trafficked in, and used, a domain name identical, dilutive or confusingly similar to Rib City's famous marks in violation of 15 U.S.C. §1125(d)(1);

D. Defendants RCC Restaurant Corp. and Francis W. Ryan have, without the consent of Rib City, used in commerce a colorable imitation of the Rib City marks in connection with the sale, offering for sale, distribution, and advertising of restaurant services in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(a);

E. Defendants RCC Restaurant Corp.'s and Francis W. Ryan's use of the Rib City marks and trade secrets obtained during defendant Ryan's employment at East Naples Rib City Grill was willful, intentional and malicious in violation of Chapter 688.004 Florida Statutes; and

F. The Defendants RCC Restaurant Corp.'s and Francis W. Ryan's use of the Rib City marks and trade secrets was in willful violation of Chapter 688.003 of the Florida Statutes.

**IT IS FURTHER ORDERED:**

3. Pursuant to 15 U.S.C. §1125 (d)(IX)(ii)(c), Defendants RCC Restaurant Corp. and Francis W. Ryan shall, within **thirty (30) days** of service by plaintiffs of a copy of this Opinion and Order and a copy of the Judgment to be entered, transfer to Rib City the domain name "RibCityAleHouse.com."  Should these defendants fail to comply, plaintiff may seek an order adjudicating defendants in contempt of court and such other relief as may be appropriate.

4. Pursuant to 15 U.S.C. §1116(a), Defendants RCC Restaurant Corp. and Francis W. Ryan and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, are permanently enjoined from using, authorizing or employing the name or mark "Rib City" or any colorable imitation of Rib City's name and marks, including without limitation the use of the internet domain name "RibCityAleHouse.com", the use of a smiling pig, and the use of the silhouette of a city skyline at night.

5. The Defendants RCC Restaurant Corp. and Francis W. Ryan, and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, are permanently enjoined from using, authorizing or employing confidential information in breach of the defendant Ryan's separation agreement with Rib City, for a period of ten (10) years from the date that separation agreement was effective.

6. Having used, authorized or employed confidential information from Rib City in violation of Chapter 688.003 of the Florida Statutes, the Defendants RCC Restaurant Corp. and Francis W. Ryan and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, are permanently enjoined from any further use of confidential information obtained from Rib City.

**IT IS FURTHER ORDERED:**

7. The Clerk of the Court shall enter Judgment in favor of Plaintiff Rib City Group, Inc. ("Rib City") and against the Defendants RCC REST. CORP., d/b/a RIB CITY ALE HOUSE, and FRANCIS W. RYAN, a/k/a FRANK RYAN, setting forth the contents of paragraphs set forth above, and further ordering that defendants are jointly and severally liable to plaintiffs, as follows:

A. The Plaintiffs shall have and recover from the Defendants statutory damages in the amount of $600,000.00, pursuant to 15 U.S.C. §1117(c);

B. The Plaintiffs shall have and recover from the Defendants statutory damages in the amount of $100,000.00, pursuant to 15 U.S.C. §1117(d);

C. The Plaintiffs shall have and recover from the Defendants statutory damages in the amount of $150,815.00, pursuant to Chapter 688.004, Fla. Stat. (2009); and

D. In addition to the above amounts, Plaintiffs shall recover $600.00 in costs of this action and attorney's fees in the amount of $23,400.00 pursuant to 15 U.S.C. § 1117(a).

E. This monetary awards of this judgment shall bear post-judgment interest at the current legal rate until paid in full.

8. The Court retains jurisdiction of this case in order to enforce the provisions of this Opinion and Order and the Judgment to be entered.

9.	The Clerk of the Court shall thereafter terminate any pending motions and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of November, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record